IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-00065-RMR-CYC

HADI AHMADI,

    Plaintiff,

v.

HYATT REGENCY HOTEL DENVER,

    Defendant.

___

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
___

**Cyrus Y. Chung, United States Magistrate Judge.**

    Plaintiff Hadi Ahmadi requests that this Court grant him equitable tolling because he was unaware of the Equal Employment Opportunity Commission's (the "EEOC") deadline, the defendant did not inform him of his right to file his claim with the EEOC, and his physical or mental hardships caused him to be unable to comply with the deadline. ECF No. 18 at 2. Because none of these reasons warrant equitable tolling in this case, the Court **RECOMMENDS** that the motion be **DENIED**. The Court also **GRANTS in part** the defendant's Motion to Clarify, Strike Inoperative Complaint, and Set Deadline to Answer or Otherwise Respond to Plaintiff's Amended Complaint, ECF No. 35, and **DENIES** the plaintiff's Motion for Appointment of Interpreter, ECF No. 31.

## BACKGROUND

    The plaintiff commenced this action in Colorado state court on November 21, 2024. ECF No. 1-1. In essence, the plaintiff alleges that the defendant discriminated against him based on his national origin, language, and disability and created a hostile work environment. *See* ECF

No. 29 at 2. The plaintiff also claims that, after he raised concerns of discrimination, the defendant retaliated by firing him on September 28, 2023. *Id.* at 1–2.

The defendant removed the action to this Court on January 8, 2025. ECF No. 1. As the plaintiff is proceeding pro se, D.C.COLO.LCivR 8.1(a), a magistrate judge reviewed the complaint and ordered the plaintiff to file a court-approved Employment Discrimination Complaint form and to attach a copy of his right to sue letter. ECF No. 11 at 2–3. The plaintiff filed two amended complaints and a motion for equitable tolling of the EEOC deadline, all on the same day. ECF Nos. 16–18. The case was then drawn to a district judge and the undersigned. ECF No. 19.

With two complaints on the docket, this Court ordered the plaintiff either to designate one of the amended complaints as operative or to file a combined version of the complaints to serve as the operative complaint. ECF No. 26. Instead, the plaintiff filed two additional amended complaints. ECF Nos. 29, 32. In addition to the motion for equitable tolling, ECF No. 18, two further motions followed. First, the plaintiff requests appointment of a Farsi interpreter for all hearings and proceedings. ECF No. 31. And second, the defendant, understandably confused by the filing of multiple complaints, requests clarification as to which complaint controls and moves to strike inoperative complaints. ECF No. 35.

## **ANALYSIS**

With respect to the defendant's Motion to Clarify, Strike Inoperative Complaint, and Set Deadline to Answer or Otherwise Respond to Plaintiff's Amended Complaint, ECF No. 35, the plaintiff's third complaint, ECF No. 29, should be the operative one. That complaint was filed a week after this Court's order to file an operative complaint, and accordingly, is the one that represents compliance with the Court's order. ECF Nos. 26, 29. It follows, then, that the

plaintiff's fourth amended complaint must be stricken as being filed without a motion requesting leave to file an amended complaint or written consent from the opposing party. *See* Fed. R. Civ. P. 15(a)(2).

With respect to the plaintiff's Motion for Appointment of Interpreter, ECF No. 31, "[t]here is no federal rule or statute requiring a court to appoint an interpreter for a pro se litigant in a civil case not brought by the United States." *Echon v. Sackett*, No. 14-cv-03420-PAB-NYW, 2018 WL 684758, at *1 (D. Colo. Feb. 2, 2018). And the plaintiff "do[es] not explain why [he is] unable to procure an interpreter" himself. *Id.*; *see* ECF No. 31. Without that showing at least, the motion must be denied.

Finally, the plaintiff's motion for equitable tolling recites insufficient grounds. A plaintiff, prior to commencing a Title VII or ADA action in federal court, must first exhaust his or her administrative remedies. *Castaldo v. Denver Pub. Schs.*, 276 F. App'x 839, 841 (10th Cir. 2008) (unpublished) (citing 42 U.S.C. §§ 2000e–5(e)(1), 12117(a)). That is, "a plaintiff must file a timely employment discrimination charge before filing suit." *Werahera v. Regents of Univ. of Colorado*, No. 21-CV-02776-NYW, 2022 WL 3645979, at *6 (D. Colo. Aug. 24, 2022) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002)). In a "deferral state," like Colorado, a plaintiff must file the charge of discrimination within 300 days of the alleged unlawful employment practice. *Castaldo*, 276 F. App'x at 841 (citing *Proctor v. United Parcel Serv.*, 502 F.3d 1200, 1206 & n.3 (10th Cir. 2007)).

Here, the plaintiff was terminated on September 28, 2023. ECF No. 32 at 2. It was not some two years later that the plaintiff filed a claim with the EEOC. ECF No. 29 at 4. The plaintiff concedes that, by that timeline, his EEOC claim is untimely but asks for equitable tolling. ECF No. 18 at 1–2.

3

While "the doctrines of waiver, estoppel, and tolling may apply," they only do so "when equity requires." *Martinez v. Million Air Mech. Inc.*, 21-cv-02299-DDD-NRN, 2022 WL 843889, at *2 (D. Colo. Mar. 22, 2022), *report and recommendation adopted*, 2022 WL 21851574 (D. Colo. July 8, 2022) (citing *Montes v. Vail Clinic, Inc.*, 497 F.3d 1160, 1167 (10th Cir. 2007)). But these equitable exceptions are "narrowly construed" and generally require "extraordinary circumstances." *Harms v. IRS*, 321 F.3d 1001, 1006 (10th Cir. 2003).

Here, the plaintiff advances several arguments in support of his bid for equitable tolling. His reasons might elicit sympathy. But they are not extraordinary circumstances.

For example, the plaintiff asserts that he did not know of the EEOC deadline and that the defendant did not inform him that he could file a charge of discrimination with the EEOC. But "[i]t is settled law that a plaintiff's failure to realize that he must file a charge with the EEOC within a given period will not toll the limitations period unless plaintiff can show that his employer 'actively misle[]d' a plaintiff into believing otherwise." *Harris v. Transp. Workers Union L-100*, No. 07-CV-1031 (RJD), 2007 WL 9723338, at *4 (E.D.N.Y. Oct. 17, 2007); *see Edmonds-Radford v. Sw. Airlines Co.*, 17 F.4th 975, 988 (10th Cir. 2021) ("Equitable tolling is appropriate only where the employer has committed 'active deception' lulling a plaintiff into inaction." (quoting *Gray v. Phillips Petrol. Co.*, 858 F.2d 610, 615–16 (10th Cir. 1988))). "This reasoning has been applied to all litigants, including those proceeding *pro se*." *Harris*, 2007 WL 9723338, at *4. The plaintiff details no active deception, protesting instead that the defendant did not inform him of the requirement to file a charge of discrimination. ECF No. 18 at 1–2. "But a lack of communication is not the same thing as 'active deception' . . . ." *Edmonds-Radford*, 17 F.4th at 989. Pointing to a lack of communication, then, does not justify equitable tolling.

Second, while the plaintiff avers that he is new to the United States and does not speak English well, these reasons also do not justify equitable tolling. In considering similar arguments, other courts have also declined to apply equitable tolling even when a plaintiff is new to the United States. *See Talyansky v. Xerox Corp.*, 182 F.3d 901, at *1 (2d Cir. 1999) ("[the plaintiff] is also not entitled to equitable tolling merely because she is an immigrant and unskilled in the law."); *Teemac v. Potter*, No. CIV.A.3:01CV0699-G, 2001 WL 1135392, at *1–2 (N.D. Tex. Sept. 20, 2001), *aff'd sub nom. Teemac v. Henderson*, 298 F.3d 452 (5th Cir. 2002) (declining to apply equitable tolling even when the plaintiff was new to the United States and did not speak English very well); *see also Yang v. Archuleta*, 525 F.3d 925, 929–30 (10th Cir. 2008) (noting in habeas context that the Tenth Circuit has "consistently and summarily refused to consider" a lack of "proficiency in the English language . . . as extraordinary, warranting equitable tolling"). So it is here, especially where the plaintiff does not otherwise demonstrate diligence; his lack of English proficiency, without more, does not justify equitable tolling.

The plaintiff's final argument is that his worker's compensation claim against an unrelated third party caused him to be physically or mentally unable to file his charge of discrimination on time. This, too, fails. In considering a habeas application, the Tenth Circuit held that "[e]quitable tolling of a limitations period based on mental incapacity is warranted only in exceptional circumstances that may include an adjudication of incompetence, institutionalization for mental incapacity, or evidence that the individual is not capable of pursuing his own claim because of mental incapacity." *Alvarado v. Smith*, 713 F. App'x 739, 742 (10th Cir. 2017) (unpublished) (quoting *Reupert v. Workman*, 45 F. App'x. 852, 854 (10th Cir. 2002) (unpublished)). Here, the plaintiff argues that he was too preoccupied with his worker's compensation claim to focus on filing his charge of discrimination. That does not show that he

5

has been adjudicated incompetent, institutionalized, or was incapable of filing a charge of discrimination because of mental incapacity. *See Castaldo*, 276 F. App'x at 842.

For these reasons, the plaintiff has not demonstrated entitlement to equitable tolling.

## CONCLUSION

For the foregoing reasons, the Court

1. **RECOMMENDS** that the Motion, ECF No. 18, be **DENIED**;

2. **ORDERS** that the defendant's Motion to Clarify, Strike Inoperative Complaint, and Set Deadline to Answer or Otherwise Respond to Plaintiff's Amended Complaint, ECF No. 35, be **GRANTED in part**;

3. **ORDERS** the Clerk of the Court to designate the Amended Complaint, ECF No. 29, as the operative complaint and to **STRIKE** the Amended Complaint at ECF No. 32;

4. **ORDERS** that the defendant file an Answer or other responsive pleading to ECF No. 29 on or before June 18, 2025;

5. **ORDERS** that the plaintiff's Motion for Appointment of Interpreter, ECF No. 31, be **DENIED**; and

6. **ORDERS** that the Scheduling Conference set for June 18, 2025 be converted to a Status Conference.[1]

Respectfully submitted this 28th day of May, 2025, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge

---

[1] Be advised that all parties shall have fourteen days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676–83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). <u>Finally, all parties must consult and comply with the District Judge's practice standards for any specific requirements concerning the filing and briefing of objections.</u>